IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| A.C. JONES | § | |
| v. | § | CIVIL ACTION NO. 6:08cv176 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner A.C. Jones, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jones says that he was convicted of delivery of a controlled substance on August 10, 2005, receiving a sentence of life in prison. The facts of the case showed that Jones was convicted of selling over 28 grams of Vicodin to an undercover informant named Lori Beasley Jones admitted giving Beasley tablets of Vicodin which had been prescribed to him, but said that she had induced him to do so by "plying him with sexual favors."

In his habeas petition, Jones said that the trial court judge was biased, that a fatal variance existed between the indictment and the evidence because evidence of a separate crime, a delivery of morphine, was offered in the present case without notice that he had to defend against a charge, the indictment was defective in that it failed to identify a culpable mental state or a method of delivery, and it did not allege that the substance was under Jones control prior to the delivery; the trial court erred in failing to assess the jurors' exposure to pre-trial publicity, the court erred in admitting testimony from the State's expert, and he received ineffective assistance of counsel. The Magistrate Judge ordered the State to answer, and Jones filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Jones' application for habeas corpus relief be denied. Jones filed objections to the Magistrate Judge on May 6, 2009.

In his objections, Jones first says that there was no evidence that he sold Beasley any Vicodin because the video tape does not show Jones handing Beasley any money. Jones did not raise a sufficiency of the evidence claim in his petition, and he may not raise new issues in objections to the Report of the Magistrate Judge. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). Even were this issue properly before the Court, however, it would lack merit; Beasley's testimony that she purchased Vicodin from Jones is sufficient evidence upon which a rational jury could find Jones guilty beyond a reasonable doubt. *See* Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998), *citing* Jackson v. Virginia, 443 U.S. 307, 324 (1979). This contention is without merit.

Jones next argues that Judge Brabham should have recused himself, and that he lacked jurisdiction to rule on Jones' state habeas petition. As the Magistrate Judge said, infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999). This objection is without merit.

Jones next says that there was a fatal variance between the indictment and the evidence because "the State knows they broke the law but prosecution taken that chance because I had attorney without my will." He says that there was a "constructive amendment" of the indictment during closing arguments. However, the Magistrate Judge noted that the charge only allowed conviction upon a finding that Jones had sold Vicodin to Beasley; the evidence concerning a separate delivery of morphine was offered to rebut Jones' theory of entrapment, and the jury was instructed that they could consider the evidence of the delivery of morphine only for the limited purpose specified, and then only if it found beyond a reasonable doubt that Jones had in fact committed that offense. This evidence was not introduced in the State's case in chief, but was offered as part of the rebuttal evidence during the Defendant's case. In addition, the Magistrate Judge stated that to the extent that

Jones complained about the indictment itself, his claim was foreclosed by the fact that the Texas Court of Criminal Appeals has upheld the indictment's validity. Alexander v. McCotter, 775 F.2d 595, 599 (5th Cir. 1985). Jones simply repeats the allegation of his petition, without purporting to show how the Magistrate Judge erred. His objection on this ground is without merit.

Jones next repeats his assertion that Beasley induced him to enter the transaction through sexual favors, and says that she committed perjury by denying it. A hearing was held on Jones' entrapment defense, and Jones was allowed to present the evidence to the jury, which rejected the defense. Jones' objections again do little more than repeat the allegations of his petition, and are without merit.

With regard to the issue about pre-trial publicity, Jones says that he presented a copy of the newspaper article in question to the jury, and that if juror no. 46 said that "he believed" he knew something about it, this would prove that two or three other jurors must have known about it as well. The evidence shows that a newspaper article about Jones' brothers Horace and Eugene was presented to the jury panel, and juror no. 46 said he believed that he had heard something about the case involving Jones' brothers. This juror was excused.

The Magistrate Judge correctly noted that this claim had been procedurally defaulted. In addition, the Magistrate Judge stated that Jones failed to show an actual, identifiable prejudice on the part of members of the jury. Contrary to Jones' claim, the fact that one juror had heard something about press coverage of Jones' brothers does not mean that others must have done so as well. Jones' objection on this point is without merit.

Jones contends that the case cited by the Magistrate Judge regarding the reliability of gas chromatograph mass spectrometer tests does not apply to him because it was not decided until after he was convicted. While the chronology which Jones cites is correct, however, he does not show that the Magistrate Judge erred in rejecting his claim; as the Magistrate Judge correctly pointed out, the reliability of the scientific test was not a relevant factor in the trial because it identified the

substance as Vicodin, and Jones acknowledged that he had provided Vicodin to Beasley. Jones' objection on this point is without merit.

Finally, Jones complained that he had received ineffective assistance of counsel from his attorney, Alex Tyra, in a number of particulars, including allegations that Tyra (a) refused to challenge the array of jurors which excluded blacks, with the sole exception of one black person who was stricken without objection;(b) failed to object to the use of evidence from a pending case for delivery of morphine; (c) failed to seek a limiting instruction in the jury instructions to the use of the morphine evidence; (d) failed to object to the defective indictment for its lack of a culpable mental state; (e) failed to make an opening statement, thus making his entrapment defense nothing more than a "meaningless gesture,"(f) failed to request a jury instruction on entrapment; and (g) was unprepared for trial, so Jones and Tyra agreed that they should "part ways," but the judge forced Jones to keep Tyra as his attorney.

The Magistrate Judge reviewed each of these allegations and determined that Jones was not entitled to relief. In his objections, Jones essentially repeats the allegations of his complaint, without showing how he believed that the Magistrate Judge erred. For example, the Magistrate Judge correctly pointed out that Tyra did in fact challenge the exclusion of black persons from the jury panel, and the trial court required to prosecutor to articulate reasons for the exclusions of those persons. In his objections, Jones does not even allude to the fact that such a challenge was made, contrary to his contention that this was not done.

Similarly, the record refutes several of Jones' other claims as well; Tyra did object to the introduction of extraneous evidence, but was overruled, a limiting instruction was in fact given to the jury and so there was no reason to request one, Tyra did make an opening statement, albeit at the opening of his case and not right after the prosecutor's opening, the indictment said that Jones did "knowingly deliver" and thus alleged a culpable mental state, and the jury was instructed on entrapment. In addition, the Magistrate Judge concluded that Tyra was not unprepared for trial, but prepared the best defense which he had available under the circumstances, which was the defense

4

of entrapment. Jones offers nothing to refute the Magistrate Judge's conclusions in this regard, but again does nothing more than repeat the allegations of his petition. His objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner A.C. Jones is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 26th day of May, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**